## Commonwealth v. Willet

*David A. Martino*, for petitioner.

WILLIAMS, *P. J.*, April 1, 1976—The Comunale Construction Company, by its agent, Frank P. Comunale, filed a private criminal complaint against Robert Willet, d/b/a Willet Roofing and Siding, charging Willet with knowingly delivering a bad check to the construction company for materials he purchased from it. The check was delivered on April 26, 1975, for $656.79. Payment was refused by the bank, the statutory notice of nonpayment was given to Willet and he failed to make good the payment of the check. The complaint does not allege an intent to defraud. In fact, the sworn statement of Comunale states, "As to his motives, I am not sure."

The district attorney refused to approve the pros-

ecution and we have been requested to overrule the district attorney's action.

The statutory predecessor of the present section 4105 of the Crimes Code of December 6, 1972, P.L. 1068, 18 C.P.S. §4105, was section 854 of The Penal Code of June 24, 1939, P.L. 872, as amended, 18 P.S. §4854. Section 854 required that, in a bad check prosecution, the Commonwealth prove both knowledge and intent to defraud; section 4105 requires only knowledge. Under section 854, both knowledge and intent to defraud are presumed if the maker of the check fails to make good the check after ten days notice that the check had not been paid. Under section 4105 of the 1972 Crimes Code, only knowledge is presumed.

In light of article I, section 16, of the Pennsylvania Constitution, which provides: "The person of a debtor, where there is not strong presumption of fraud, shall not be continued in prison after delivering up his estate for the benefit of his creditors in such manner as shall be prescribed by law," the question that presents itself is whether a bad check statute, which permits upon conviction a sentence of imprisonment where fraud is not an element of the offense, is constitutional.

President Judge Shughart, of Cumberland County, considered this question in Commonwealth v. Ulsh, 68 D. & C. 2d 124 (1974). After a careful review of the Pennsylvania case law and that of other jurisdictions, he concluded, at page 128:

"In view of the foregoing, we feel that a constitutional construction of section 4105 of the Pennsylvania Crimes Code of 1972 requires that 'intent to

defraud' be considered an essential element of the offense."

In speaking of section 854 of the 1939 Crimes Code, the court in Commonwealth v. Bonetti, 211 Pa. Superior Ct. 161, 165, 235 A. 2d 447 (1967), said:

"The purpose of this statute is to prevent fraud."

In the absence of an intent to defraud, there can be no constitutional conviction of the maker of a check where payment has been refused for lack of sufficient funds under article I, sec. 16, of the Pennsylvania Constitution. As pointed out by Judge Shughart in Commonwealth v. Ulsh, supra, under section 1922 of the Pennsylvania Consolidated Statutes, Act of November 25, 1970, P.L. 707, as amended, 1 Pa.C.S.A. §1922, the presumption is that the legislature did not intend to violate the Constitution of the United States or of this Commonwealth.

Applying the statutory presumption to section 4105 of the Crimes Code, "intent to defraud" is an element of the offense under section 4105. The argument that "knowledge" and "intent to defraud" are the same thing, is repudiated by the fact that the legislature, under section 854, required both knowledge and intent to defraud.

Since the criminal complaint does not allege an intent to defraud, it lacks an averment of an essential element of the offense and we will deny the petition to allow the prosecution.

## ORDER

And now, April 1, 1976, petition to allow private prosecution is denied.